■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAVIS, Appellant. [617 NYS2d 220] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered February 5, 1993, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Ralph Potts, an undercover State Trooper, purchased narcotics from defendant in an apartment in the Village of Monticello, Sullivan County, on March 20, 1992 and April 8, 1992. Convicted after trial of two counts of criminal sale of a controlled substance in the third degree and sentenced to concurrent 4 to 12-year prison terms, defendant appeals. We affirm.

Initially, in view of Potts' testimony that he made two face-to-face drug purchases from defendant, under good lighting conditions and with a clear opportunity to view defendant from a close proximity, we conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's contrary proof merely created a credibility issue for the jury's determination *(see, e.g., People v Garcia,* 194 AD2d 1011, 1013, *lv denied* 82 NY2d 895), and we perceive no reason to disturb its weighing of the evidence. Next, the People were entitled to read the indictment during their opening statement *(see, People v Moore,* 71 NY2d 684, 688; *People v Reilly,* 49 App Div 218, 221, *affd* 164 NY 600). Moreover, County Court properly instructed the jury that the indictment was merely an accusation and not evidence of guilt *(cf., People v Abreu,* 74 AD2d 876, 877). Nor are we persuaded that County Court's refusal to give an extended identification charge prejudiced defendant *(see, People v Crabb,* 204 AD2d 239). In our view, the charge given by County Court properly

conveyed that the People had to prove identification beyond a reasonable doubt and urged the jury to consider the witness's credibility and opportunity to observe defendant and the overall circumstances surrounding the identification (see, People v Whalen, 59 NY2d 273).

Defendant's remaining contentions have been considered and found to lack merit or have not been preserved for appeal (see, CPL 470.05 [2]).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.