■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME PERSON, Appellant. [632 NYS2d 601] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 9, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early evening hours of February 14, 1991, in the vicinity of 102nd Street and Northern Boulevard in Queens, the defendant sold two vials of crack cocaine to an undercover police officer. The back-up team of police officers arrived shortly after the sale to arrest the defendant, but was unable to find him. Approximately one hour later, the undercover officer and his partner observed the defendant at 104th Street and Northern Boulevard, approximately two blocks from the location of the sale, and apprehended the defendant.

Contrary to defendant's contention, the trial court did not improvidently exercise its discretion when it precluded the defendant from presenting an alibi witness whom the defendant requested to present after the People rested their case-in-chief.

The defendant failed to comply with CPL 250.20 because he did not file a proper notice of alibi with the People and the trial court, and he failed to proffer a sufficient reason for his failure to comply with the statute *(see, People v Toro,* 198 AD2d 532, 533; *People v Caputo,* 175 AD2d 290; *People v Corpas,* 150 AD2d 710).

We reject the defendant's contention that the court improperly permitted the undercover police officer to testify concerning his radioed description of the perpetrator of the crime. The court properly charged the jury that it was to employ the description as an aid to evaluating the undercover officer's ability to observe the perpetrator at the time of the event and to remember the physical features of the perpetrator, and to consider whether or not the description matched the physical characteristics of the defendant *(see, People v Huertas,* 75 NY2d 487).

Finally, the sentence imposed was neither excessive nor harsh *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Joy, Altman and Florio, JJ., concur.