OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*874 Defendant has been convicted of criminal sale of a controlled substance in the third degree as a result of selling crack cocaine to an undercover police officer. The prosecution’s case consisted of testimony of the undercover and arresting officers. The undercover testified that after he purchased the drugs from defendant he radioed the location and descriptions of defendant and his accomplices to the backup team and within minutes was notified that arrests had been made. The undercover then drove by the arrest scene and confirmed that the individuals arrested were in fact the individuals from whom he purchased narcotics.
The arresting officer testified that within minutes after receiving descriptions of defendant and two accomplices they located the individuals matching the descriptions at the location indicated by the undercover and placed them under arrest. At the time of the arrest, defendant had the prerecorded buy money used by the undercover officer in his possession.
The defense was mistaken identity and defendant attempted to establish it by cross-examination of the two police officers. He did not call any witnesses.
At the conclusion of the trial the Trial Judge charged the jury that to convict the defendant, the People had to prove "each and every” element of the crimes charged beyond a reasonable doubt, and that if the jury was satisfied the People had done so, it could find defendant guilty. It also instructed the jury fully on its duty to determine the credibility of the witnesses. Defense counsel objected to the charge, contending that the court had erred in failing to give an expanded charge specifically instructing the jury that the identification of the defendant had to be proven beyond a reasonable doubt.
In People v Whalen (59 NY2d 273, 279), we considered a similar claim and stated that although an expanded identification charge was the "better practice”, particularly when, as there, an alibi defense was presented, the failure to so charge did not constitute reversible error. Whether the charge is appropriate in an individual case is, we said, a matter for the Trial Judge’s discretion.
Contrary to the assertion of defendant here, the jury was not led to believe that mistaken identification was not an issue in this case. The court’s charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification (see, People v Perez, 77 NY2d 928; People v Newton, 46 NY2d 877, 879). Moreover, *875 when evaluated against the background of all the evidence presented, there is little possibility that the failure to expand the charge on identification infected the trial with error (see, People v Andujas, 79 NY2d 113, 118).