THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DANIELS, Appellant. [639 NYS2d 96]

We find no merit to the defendant's contention that the trial court erred by curtailing his cross-examination of the complainant. It is within the trial court's wide latitude and broad discretion to limit the scope of cross-examination of witnesses concerning collateral matters designed to impeach credibility *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Delcarpio,* 221 AD2d 359; *People v Taylor,* 214 AD2d 757; *People v Schinas,* 204 AD2d 362; *People v Griffin,* 194 AD2d 738, 739; *compare, People v Rufrano,* 220 AD2d 701). The trial court providently exercised its discretion by allowing the defendant to cross-examine the complainant about the facts underlying her arrest but refusing to permit inquiry as to the arrest itself, which did not result in a conviction *(see, People v Cook,* 37 NY2d 591; *People v Morales,* 135 AD2d 742; *see also, People v Lyons,* 154 AD2d 553).

Additionally, the trial court's refusal to give an expanded identification charge was not error. "Whether the charge is appropriate in an individual case is * * * a matter for the Trial Judge's discretion" *(People v Knight,* 87 NY2d 873, 874). Contrary to the defendant's assertion, the charge as given did not lead the jury to believe that mistaken identification was not an issue in this case. Rather, the court's charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification *(see, People v Knight, supra).* Against the background of all the evidence presented, "there is little possibility that the failure to expand the charge on identification infected the trial with error" *(People v Knight, supra,* at 875).

The defendant's sentence is not excessive *(see, People v Suitte,*

90 AD2d 80). Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.