■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT J. RANDOLPH, Appellant. [659 NYS2d 110] —Carpinello, J. Appeal from a judgment of the County Court of Ulster

County (Bruhn, J.), rendered December 7, 1994, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In the evening hours of March 18, 1994, defendant sold crack cocaine to an undercover police officer who was wired with a transmitting device and gave a physical description of defendant seconds after making the purchase. It was a face-to-face drug purchase under good lighting conditions and the undercover police officer had a clear opportunity to view defendant. Minutes after the drug purchase, defendant was arrested by a backup team of officers and two marked $10 bills were seized from his person. Convicted after trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentenced as a second felony offender to concurrent prison terms of 5$1/2$ to 11 years, defendant appeals. We affirm.

We are unpersuaded that County Court's refusal to give an extended identification charge to the jury constitutes reversible error (see, People v Crabb, 204 AD2d 239; People v Perez, 164 AD2d 839, affd 77 NY2d 928). Upon our review of the charge given by County Court, we find that it conveyed that the People had to prove defendant's identification beyond a reasonable doubt and adequately instructed the jury to consider each witness's credibility and opportunity to observe defendant and the events surrounding the drug purchase (see, People v Davis, 208 AD2d 989, lv denied 84 NY2d 1030; see also, People v Whalen, 59 NY2d 273, 278).

Defendant contends that the prosecutor made several improper remarks during summation which deprived him of a fair trial. Defense counsel's failure to object to the People's closing statement precludes appellate review of this argument (see, People v Artis, 232 AD2d 729, lv denied 89 NY2d 939). In any event, upon our independent review of the closing argument, we find that reversal in the interest of justice is not warranted (see, CPL 470.15 [6] [a]). We also reject defendant's argument that the sentence imposed was harsh and excessive. Notably, " '[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (People v Simon, 180 AD2d 866 [quoting People v Harris, 57 AD2d 663], lv denied 80 NY2d 838). Additionally, we note that his prior criminal record is quite extensive. Under these circumstances, we decline to disturb the sentence.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.