■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RESEAN HUES, Appellant. [664 NYS2d 647] —White, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered February 2, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On the early evening of September 19, 1995, an undercover narcotics investigation was underway in the City of Ithaca, Tompkins County. At approximately 7:40 P.M., State Police Investigator Gary Segrue, who was working undercover in plain clothes with the Ithaca Police Department, walked past a house where two individuals, defendant and another man later identified as Reese, were on the stairs of the front porch. As Segrue went by, Reese spoke to the officer and a conversation ensued regarding the purchase of drugs. After a brief discussion, Reese pulled a clear plastic packet from his pocket, gave it to defendant who came down the steps onto the sidewalk

and approached Segrue. He asked Segrue if he was a police officer, which Segrue denied, and defendant then put the packet, which was later determined to be cocaine, in Segrue's hand and Segrue gave defendant $20. After defendant advised Segrue that he could come back anytime, they parted.

Immediately following this sale, Segrue met with Officer James Herson and gave him a brief description of the two individuals involved in the transaction. Herson then drove Segrue in an unmarked police car past the house where the transaction had taken place so Segrue could observe the persons with whom he had been dealing. However, due to tint on the vehicle's windows, Segrue was unable to make a positive identification of the man on the porch. Herson then radioed Officer Daniel Slattery, who drove in a marked Ithaca police car to the house in question and had the man on the porch come down on the street where Slattery engaged him in conversation in front of Slattery's vehicle with its headlights on. At a few minutes after 8:00 P.M., Herson, with his car's headlights on, drove Segrue slowly past Slattery's car in the opposite direction. Segrue, who passed within five feet of defendant in a well-lighted area, identified defendant, who was wearing a purple shirt, as the person who had sold him the drugs. Segrue also noted that defendant was dressed exactly as he had been at the time of the sale.

Defendant was indicted for the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and was convicted after a jury trial. Defendant appeals this conviction and we affirm.

We find that it was not improper for Segrue, who made an in-court identification of defendant, to testify regarding the description of defendant which he gave to Herson on the evening in question. This is nonhearsay evidence which assists the jury in evaluating the witness's opportunity to observe at the time of the crime and the reliability of his memory at the time of the identification, and thus was properly admitted (see, People v Huertas, 75 NY2d 487, 493; People v Person, 220 AD2d 626, 627, lv denied 87 NY2d 924; People v Tinner, 209 AD2d 457, 458, lv denied 85 NY2d 915; People v Guerra, 168 AD2d 394, 395, lv denied 77 NY2d 906). Defendant contends that County Court erred when it refused to give an expanded identification charge to the jury since this was a one-witness identification case. In its charge the court advised that the jury must be satisfied beyond a reasonable doubt that defendant was the person who committed the crime and instructed the jury to ex-

amine with great care all the evidence on the issue of identity (*see, People v Whalen*, 59 NY2d 273, 279).

In a case strikingly similar to the instant matter, the Court of Appeals held that giving an expanded charge is discretionary with the trial court and where the court's charge was a correct statement of the law and adequately apprised the jury that the reasonable doubt standard applied to the identification, it was sufficient (*see, People v Knight*, 87 NY2d 873). Here, the identifying witness was a trained police officer who had a face-to-face meeting with defendant when the buy was made and observed defendant again at close proximity less than 30 minutes later in a well-lit area. Defendant neither testified nor raised an alibi defense during the trial, and under these circumstances we find that County Court's instructions were proper and there was no abuse of discretion in failing to give an expanded identification charge (*see, People v Daniels*, 225 AD2d 632, *lv denied* 88 NY2d 965; *People v Davis*, 208 AD2d 989, 990, *lv denied* 84 NY2d 1030).

The other issue raised by defendant concerns whether County Court should have allowed the jury to take notes during the trial. County Court has discretion in deciding whether to allow jurors to take notes, but if this is permitted the court is required to give cautionary instructions (*see, People v Cooper*, 225 AD2d 897, 899; *People v Dexheimer*, 214 AD2d 898, 902, *lv denied* 86 NY2d 872; *People v DiLuca*, 85 AD2d 439, 445). During preliminary instructions the court advised the jurors that they could but were not required to take notes, that note taking should not distract them from the proceedings and that the notes should be used only to refresh a juror's memory and not as authority to persuade other fellow jurors. The court repeated these instructions to the jury during its charge and, since we find that these cautionary instructions were adequate and proper, reversal on this issue is not mandated (*see, People v Tucker*, 77 NY2d 861, 862-863).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.