■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MEJIA, Appellant. [682 NYS2d 439] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered December 11, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that an expanded charge on the issue of identification was necessary because the only evidence linking him to the crime was the testimony of the undercover officer is without merit. The evidence at trial consisted of the testimony of an undercover police officer who had a face-to-face transaction with the defendant under good lighting conditions. The officer transmitted to his backup team a description of the defendant, which included his physical appearance, as well as the color of his bicycle and knapsack. The defendant was arrested, and the undercover officer made a drive-by identification of him within minutes of the sale. While an expanded

charge on the issue of identification is desirable, it is not required as a matter of law and is within the discretion of the Trial Judge (*see, People v Knight,* 87 NY2d 873, 874; *People v Whalen,* 59 NY2d 273). In view of this evidence, the failure to give an expanded charge did not "[infect] the trial with error" (*People v Knight, supra,* at 875; *see also, People v Daniels,* 225 AD2d 632). The charge here, which instructed the jury, *inter alia,* on weighing the witness's credibility, and that the evidence must establish each and every element of the crime to the jury's satisfaction beyond a reasonable doubt, was sufficient (*see, People v Knight, supra; People v Hues,* 244 AD2d 713, *affd on other grounds* 92 NY2d 413; *People v Andino,* 244 AD2d 194).

The defendant's challenges to remarks made by the prosecutor during summation are unpreserved for appellate review (*see,* CPL 470.05 [2]) and, in any event, do not warrant reversal. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.