■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ALVELLO, Also Known as ROBERTO AVELO, Appellant. [704 NYS2d 812] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered April 1, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 8¼ to 16½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to three concurrent terms of 6 to 12 years, and otherwise affirmed. Judgment, same court and Justice, rendered November 18, 1998, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, concurrent to the sentences imposed on defendant's conviction after trial, unanimously affirmed.

Other than excepting to an aspect of the court's interested witness charge that the court promptly remedied to defendant's satisfaction (*see, People v Whalen*, 59 NY2d 273, 280), defendant did not protest any of the jury instructions or lack of instructions now challenged on appeal, and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that the charge, read as a whole, conveyed the proper standards concerning each of the subject matters in question (*see, People v Knight*, 87 NY2d 873; *People v Fields*, 87 NY2d 821; *People v Agosto*, 73 NY2d 963, 967).

The statements by defendant and counsel and an entry on

the clerk's worksheet establish that defendant waived his right to be present at sidebars throughout jury selection, and particularly as to the sidebar at issue on appeal (*see, People v Leonor*, 245 AD2d 22, *lv denied* 92 NY2d 855).

We find the sentence imposed upon defendant's conviction after trial excessive to the extent indicated. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.