■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN VAN BILLIARD, Appellant. [716 NYS2d 546] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of several crimes in connection with a bank robbery. Defendant and two others entered the bank wearing masks. Defendant fled the bank on foot and was apprehended by police who, upon searching defendant, found several hundred dollars, a blue ski mask, gloves and a gun. Some of the money was stained with red dye that exploded from the packets that the bank tellers placed in the bags with the money. Defendant admitted in an oral statement to police that he had participated in the robbery and had been standing by the vault. A witness testified that he had been forced to lie on the floor near the vault by a man holding him at gunpoint. He testified that the man was of the same height and weight as defendant, wore the same shoes as defendant, and wore pants that were the same color as those worn by defendant.

Supreme Court instructed the jury that "the evidence must satisfy you beyond a reasonable doubt that the Defendant is, in fact, the individual who committed these crimes." We reject the contention of defendant that the court erred in denying his request for an expanded charge that emphasized the unreliability of identification testimony. The decision whether to give an expanded charge is left to the discretion of the court, and the court's failure to so instruct the jury in this case does not constitute reversible error (*see, People v Knight,* 87 NY2d 873, 874; *People v Whalen,* 59 NY2d 273, 279). The court sufficiently instructed the jury that the People must prove that defendant was the person who committed the crimes charged. In any

event, the evidence of defendant's guilt is overwhelming, and "there is little possibility that the failure to expand the charge on identification infected the trial with error" (*People v Knight, supra,* at 875).

The court also properly denied defendant's request to charge the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01) as a lesser included offense of criminal possession of a weapon in the second degree (Penal Law § 265.03). "[T]he lesser included offense must be charged only if, under any reasonable view of the evidence as seen in the light most favorable to defendant, the jury could find that defendant committed the lesser offense but not the greater" (*People v Randolph,* 81 NY2d 868, 869). Here, there is no reasonable view of the evidence that defendant committed the lesser offense but not the greater. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.