■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL TORRES, Appellant. [722 NYS2d 414] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered July 30, 1997, convicting him of burglary in the first degree, robbery in the first degree, and robbery in the second degree under Indictment No. 3810/96, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 30, 1997, revoking a sentence of probation previously imposed by the same court under Indictment No. 4287/93, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt in connection with the charges under Indictment No. 3810/96. The resolution of issues of credibility as well as the weight to be accorded the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the court's charge on identification was inadequate is without merit. Although desirable, a detailed charge on the issue of identification is not required as a matter of law (*see, People v Knight,* 87 NY2d 873; *People v Whalen,* 59 NY2d 273). "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (*People v Whalen, supra,* at 279).

The defendant's sentences were not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.