■ NEVILLE ANTHONY et al., Appellants, v TOWN OF NORTH HEMPSTEAD, Respondent. [767 NYS2d 814]—

In an action for a judgment declaring that Town of North Hempstead Code § 2-104 (B) (3) and § 2-113 are unconstitutional, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 6, 2003, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Town of North Hempstead Code § 2-104 (B) (3) and § 2-113 are unconstitutional.

The Town of North Hempstead Code (hereinafter the Code) § 2-103 prohibits an owner of a dwelling unit from, inter alia, renting such unit without a permit. Pursuant to section 2-104 (B) (3) of the Code, the permit application must contain "[t]he names, ages and relationships, if any, to the owner of the premises of each person presently residing in or occupying such premises intended for rental occupancy." Pursuant to section 2-101 of the Code, "owner" is defined as any person having the right to possession of a dwelling unit, and the definition expressly includes a tenant in relation to a subtenant. Section 2-113 of the Code requires the owner of the dwelling unit to file a new rental registration form whenever a dwelling unit or por-

tion thereof becomes vacant and the owner intends to permit a new tenant or other person to take up residence.

The plaintiff Neville Anthony owns dwelling units in the Town of North Hempstead and the remaining plaintiffs were his tenants. The Town's Code Enforcement Officer filed 13 criminal informations charging Anthony with violating section 2-103 of the Code by failing to apply for or obtain rental occupancy permits. The plaintiffs commenced this action for a judgment declaring that section 2-104 (B) (3) and section 2-113 of the Code are unconstitutional on the ground that they violate the tenants' constitutional right to privacy. The plaintiffs subsequently moved for summary judgment and the Town crossmoved for summary judgment. The Supreme Court denied the plaintiffs' motion and granted the Town's cross motion, concluding that section 2-104 (B) (3) and section 2-113 of the Code are constitutional. The plaintiffs appeal.

Section 2-104 (B) (3) and section 2-113 of the Code are unconstitutional because they limit the tenants' right to privacy and are not narrowly tailored to achieve the Town's compelling interest (*see Marcin v Incorporated Vil. of Hempstead,* 238 AD2d 389 [1997]; *see generally Whalen v Roe,* 429 US 589, 599-600 [1977]; *compare Matter of Schulman v New York City Health & Hosps. Corp.,* 38 NY2d 234 [1975]).

The plaintiffs' request that section 2-103 of the Code be declared unconstitutional, made for the first time in their brief on appeal, is not properly before this Court (*see Bestafka v County of Suffolk,* 121 AD2d 670, 672 [1986]). Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.