■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL NIXON, Appellant. [803 NYS2d 581]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered November 7, 2002, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity and guilt beyond a reasonable doubt (*see People v McFadden*, 18 AD3d 782 [2005]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Bleakley*, 69 NY2d 490, 494-495 [1987]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Torres*, 282 AD2d 481 [2001]; *People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

We also reject the defendant's assertion that he was denied the effective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate

explanations for counsel's" alleged failures in representation (*People v Rivera*, 71 NY2d 705, 709 [1988]). The defendant failed to do so. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.