*99 OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction with regard to the property located on Oliver Avenue in Westbury, New York is modified, on the law, by vacating the convictions of erecting, altering or maintaining a building or structure without a permit under counts four and five of the accusatory instrument, vacating the sentences imposed thereon, and dismissing those counts of the accusatory instruments, and the fines therefor, if paid, are remitted; as so modified, the judgment of conviction is affirmed.
Ordered that the judgment of conviction with regard to the property located on Grayston Street in Westbury, New York is modified, on the law, by vacating the conviction of erecting, altering or maintaining a building or structure without a permit under count three of the accusatory instrument and the conviction of failing to obtain a rental occupancy permit under count seven of the accusatory instrument, vacating the sentences imposed thereon, and dismissing those counts of the accusatory instruments, and the fines therefor, if paid, are remitted; as so modified, the judgment of conviction is affirmed.
In February 2007, by superseding information, defendant was charged with five counts of erecting, altering or maintaining a building or structure (with regard to a PVC fence, a roof over a deck, a stockade fence, and two wall air conditioner units, respectively) without permits, in violation of North Hempstead Town Code § 70-220 (A), at a property located on Oliver Avenue in Westbury, New York. In June 2007, by superseding information, defendant was also charged, with respect to property located on Grayston “Avenue” in Westbury, New York, with not meeting the requisite plot area in violation of North Hempstead Town Code § 70-47 (B), four counts of erecting, altering or maintaining a building or structure (with regard to a fence, a basement bathroom, converting a garage into bedrooms, and a basement kitchen, respectively) without permits, in violation of North Hempstead Town Code § 70-220 (A), and two counts of failing to obtain a rental occupancy permit in violation of North Hempstead Town Code § 2-103. Following a nonjury trial, the District Court found defendant guilty of all charges except count three of the accusatory instrument involving the Oliver Avenue property charging defendant with erecting, altering or maintaining a building or structure, i.e., a stockade fence (North Hemp-stead Town Code § 70-220 [A]) and count one of the accusatory *100 instrument involving the Grayston Street property charging defendant with not meeting the requisite plot area (North Hemp-stead Town Code § 70-47 [B]).
Defendant contends on appeal that the superseding information charging her with violations at the property on Grayston “Avenue” was defective, and should have been dismissed, because she “does not own, reside at, or otherwise have anything to do with . . . Grayston ‘Avenue’, and no evidence was proffered to prove otherwise.” Contrary to defendant’s contention, the information is not jurisdictionally defective since it also described the Grayston Street property by its section, block and lot numbers. Consequently, the information provided defendant with sufficient notice to prepare a defense, and it was adequately detailed to prevent defendant from being tried twice for the same offense (see People v Casey, 95 NY2d 354, 360 [2000]). In any event, the trial court properly granted the People’s motion to amend the information to read Grayston “Street” instead of Grayston “Avenue.”
Defendant further contends that sections 2-103, 70-220 (A); 2-119 and 70-231 of the North Hempstead Town Code are unconstitutional. In the trial court, however, defendant made no specific arguments regarding North Hempstead Town Code § 70-231 and, therefore, her challenge to that section is unpreserved for appellate review (see People v Oliver, 63 NY2d 973, 975 [1984]). For the reasons that follow, we find that defendant’s remaining constitutional challenges lack merit.
Defendant argues that North Hempstead Town Code § 2-103 — which makes it unlawful for the owner of a dwelling to permit the occupancy of such dwelling as a rental without having a valid permit to do so — is unconstitutional because it requires a property owner to submit to a warrantless search of his or her property. However, since North Hempstead Town Code § 2-110 provides for the inspection of residential dwellings upon consent and pursuant to a warrant, North Hempstead Town Code § 2-103 does not compel a residential property owner to consent to a warrantless search and is not unconstitutional (see Pashcow v Town of Babylon, 53 NY2d 687, 688 [1981]).
Defendant further argues that North Hempstead Town Code § 70-220 (A) — which makes it unlawful for a person to, among other things, erect, alter or maintain any building or structure for which a permit is required until such a permit has been issued — is unconstitutional because it is unreasonable, vague, and does not promote the health, safety, or welfare of the *101 public. An ordinance enacted by a town pursuant to its police power must have some fair, just and reasonable connection with the promotion of the health, comfort, safety and welfare of society. Ordinances, like statutes, enjoy an “exceedingly strong presumption of constitutionality” (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11 [1976]). Therefore, when challenging an ordinance, a party must rebut the presumption by establishing, beyond a reasonable doubt, that there is no reasonable basis for the challenged provision (id. at 11-12). Defendant, however, failed to rebut this presumption. In addition, contrary to defendant’s contention, North Hempstead Town Code § 70-220 (A) is not vague, and is informative on its face, because it clearly and unequivocally put defendant on notice of the proscribed activity by informing her that it is unlawful to erect, alter or maintain any building or structure for which a permit is required until such a permit has been issued (see People v Firth, 3 NY2d 472, 474 [1957]). It is a valid content-neutral ordinance of general applicability, adopted to promote the health, safety and general welfare of the public. Also, there is no indication that any inference arising from the presumptions set forth in North Hempstead Town Code § 2-119 undermined the factfinder’s responsibility, since the trial judge could rationally make the connection permitted by the inference (see County Court of Ulster Cty. v Allen, 442 US 140, 156-157 [1979]).
Defendant’s contention that the evidence was legally insufficient to establish her guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, we review this contention in the interest of justice.
With regard to the eight counts charging defendant with violating North Hempstead Town Code § 70-220 (A), viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the testimony of the town inspector, that he had seen a “three piece bathroom” in the basement of the Grayston Street property, without explaining what, specifically, he had observed, was insufficient to establish beyond a reasonable doubt defendant’s guilt of erecting, altering or maintaining a building without a permit. Likewise, the inspector’s testimony, that he had observed two wall air conditioner units in the building located at the Oliver Avenue property without explaining how the building had been altered, i.e., by providing testimony that the building was not constructed with openings for external wall air conditioners, *102 was insufficient to establish beyond a reasonable doubt defendant’s guilt of erecting, altering or maintaining a building or structure without a permit. Accordingly, counts four and five of the accusatory instrument involving the Oliver Avenue property, and count three of the accusatory instrument involving the Grayston Street property, each charging defendant with violating North Hempstead Town Code § 70-220 (A), are dismissed. The inspector’s testimony, however, was sufficient to establish defendant’s guilt beyond a reasonable doubt of erecting, altering or maintaining a building or structure without a permit (North Hempstead Town Code § 70-220 [A]) with respect to count one, the PVC fence, and count two, the deck roof, of the accusatory instrument involving the Oliver Avenue property, and with respect to count two, the fence, count four, the garage bedrooms, and count five, the basement kitchen, of the accusatory instrument involving the Grayston Street property.
With regard to the two counts charging defendant with violating North Hempstead Town Code § 2-103 at the Grayston Street property, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the town inspector’s testimony was sufficient to establish defendant’s guilt beyond a reasonable doubt of failing to obtain a rental occupancy permit in that there were separate entrances for segregated parts of the dwelling (see North Hempstead Town Code § 2-119 [A] [3]), and the dwelling had partitions or internal doors which may serve to bar access between segregated portions of the dwelling (see North Hempstead Town Code § 2-119 [A] [4]). However, since the People did not establish that a rental permit is needed for each purported separate rental unit inside of a building, the proof was sufficient to find defendant guilty of only one count of violating North Hempstead Town Code § 2-103. Accordingly, count seven of the accusatory instrument involving the Grayston Street property charging defendant with violating North Hempstead Town Code § 2-103 is dismissed.
The record reveals no extraordinary circumstances which would warrant a modification of defendant’s sentences on the remaining counts. The rest of defendant’s contentions lack merit or are unpreserved for appellate review.
Nicolai, EJ., Molía and LaCava, JJ., concur.