OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified by vacating the conviction of failing to file a rental registration form and by providing that the count of the accusatory instrument charging that offense is dismissed and that the fine imposed thereon, if paid, is remitted; as so modified, the judgment of conviction is affirmed.
In May 2009, the People charged defendant with 10 violations of the North Hempstead Town Code (Code): failing to obtain a rental occupancy permit (Code § 2-103, count 1), failing to file a rental registration form (Code § 2-113, count 2), unlawful use of a single-family residence as a boarding house (Code § 70-44, count 3), using a nonhabitable space for sleeping purposes (Code § 28-8 [A], count 4), and six counts of erecting, altering or maintaining a building or structure without a permit (Code § 70-220 [A], counts 5-10). Defendant was convicted, after a nonjury trial, of all of the counts. She appeals, arguing that subdivisions (A), (B), and (E) of Code § 70-220 and Code § 2-106 are unconstitutional on their faces and, thus, her convictions of violating Code § 2-103 (count 1) and Code § 70-220 (A) (counts 5-10) must be vacated; that the accusatory instrument was facially insufficient; that the evidence was legally insufficient to support any of the convictions; that judicial bias and the improper admission of hearsay evidence prejudiced the defense; and that the fines imposed, totaling $22,000, are unduly harsh.
On defendant’s appeal from a prior judgment convicting her of similar Code violations, this court rejected defendant’s constitutional challenges to Code §§ 70-220 (A); 2-103, and 2-119, affirmed certain of the convictions, and reversed others for evidentiary insufficiency (People v Laroche, 27 Misc 3d 97 [2010]). We did not address the constitutionality of Code § 2-106, which provides for an on-site inspection as a condition of *22 obtaining a rental occupancy permit. For the reasons that follow, we find that defendant’s specific facial constitutional challenge lacks merit.
In Sokolov v Village of Freeport (52 NY2d 341, 346 [1981]), the Court of Appeals declared unconstitutional a local ordinance “insofar as it effectively authorizes and, indeed, requires a warrantless inspection of residential rental property” as a condition of obtaining a rental permit. However, in Pashcow v Town of Babylon (53 NY2d 687, 688 [1981]), the Court of Appeals held that an ordinance which “require[s] consent or a warrant for an administrative search” survives a facial constitutional challenge. The Court specifically stated that it would “not speculate . . . concerning the possible application of the ordinance in an unconstitutional manner” (id.). Nevertheless, the Court reiterated “that an owner’s ability to rent his premises may not be conditioned upon his consent to a warrantless inspection” (id.). Although Code § 2-106 requires an inspection of the premises as a condition of the issuance of a rental permit, and Code § 2-110 authorizes the code enforcement officer to enter the premises upon consent (see Code § 2-103), Code § 2-111 provides for an application to the District Court by a code enforcement officer for a search warrant upon a showing of reasonable cause to believe that code violations exist, which suffices to avoid the facial constitutional issue presented (see Wisoff v City of Schenectady, 116 AD3d 1187, 1189 [2014] [a code provision which “expressly require(s) either the consent of the property owner or the issuance of a valid search warrant” on reasonable grounds to believe that a violation of the local code exists is facially constitutional]; Matter of Cappon v Carballada, 109 AD3d 1115, 1117 [2013] [no constitutional error where the local code requires “either owner consent or a judicial warrant to inspect property for code compliance”]; People v Laroche, 27 Misc 3d at 100; see also Hafez v City of Schenectady, 894 F Supp 2d 207 [ND NY 2012]). We note that defendant never applied for a permit, and we likewise do not “speculate . . . concerning the possible application of the ordinance in an unconstitutional manner” (Pashcow v Town of Babylon, 53 NY2d at 688). In view of the foregoing, there is no basis to disturb defendant’s conviction of violating Code § 2-103.
The conviction of count 2 of the information, failing to file a rental registration form (Code § 2-113) is vacated, as this section has been declared unconstitutional (see Anthony v Town of N. Hempstead, 2 AD3d 378, 379 [2003]; People v Anthony, 14 Misc 3d 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
*23 As for defendant’s constitutional challenge to Code § 70-220 (A), we perceive no reason to depart from the analysis set forth in People v Laroche (27 Misc 3d at 100-101), wherein we considered and rejected this claim. Defendant’s attempt to expand this challenge to include subdivisions (B) and (E) of Code § 70-220, which address permit fee schedules, is not preserved for appellate review (CPL 470.05 [2]; e.g. People v Oliver, 63 NY2d 973, 975 [1984]; People v Knox, 45 AD3d 274 [2007]; Anthony v Town of N. Hempstead, 2 AD3d at 379; People v Greene, 13 Misc 3d 137[A], 2006 NY Slip Op 52215[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In any event, the Code contains several sections referring to the relevant fee schedules, which have already been determined to be reasonable in relation to the costs of “issuance, inspection and enforcement” (see Fairhaven Apts. No. 4, Inc. v Town of N. Hempstead, 8 AD3d 425, 426 [2004]), and there is no showing that the fees have so increased as to implicate the statute’s constitutionality.
We also find the evidence sufficient to establish defendant’s violation of Code § 70-44, in that she converted a split-level single family home into a boarding house, and of the remaining counts, predicated on defendant’s having constructed or maintained three bedrooms, a kitchen, a bath, and partition walls in the basement, and a roof over the rear entrance, without having obtained the required permits. We note that defendant’s sole claim of evidentiary deficiency — that, in effect, the building inspector’s testimony was incredible as a matter of law — is not preserved for appellate review (CPL 470.05 [2]; People v Gruttola, 43 NY2d 116, 122 [1977]; People v Carlucci, 80 AD3d 621, 622 [2011]). In any event, it cannot be said that the inspector’s testimony was “ ‘manifestly untrue, physically impossible, contrary to experience, or self-contradictory’ ” (People v Lynch, 63 AD3d 959, 961 [2009], quoting People v Garafolo, 44 AD2d 86, 88 [1974]).
We have considered defendant’s remaining contentions and find them to be unpreserved (People v Charleston, 56 NY2d 886, 888 [1982]) or without merit (People v Jamison, 47 NY2d 882, 883 [1979]; People v Kozlow, 46 AD3d 913, 915 [2007]; People v Daniels, 225 AD2d 632 [1996]; People v Suitte, 90 AD2d 80, 83 [1982]).
Accordingly, the judgment of conviction is modified by vacating the conviction of failing to file a rental registration form and providing that the count of the accusatory instrument *24 charging that offense is dismissed and that the fine imposed thereon, if paid, is remitted.
Nicolai, EJ., and Maraño, J., concur; LaSalle, J., taking no part.