The People of the State of New York, Respondent,
against
Philip A. Ippolito, Jr., Appellant.




Edward S. Raskin, Esq., for appellant.
Brookhaven Town Attorney, Jennifer Lutzer, Esq., for respondent.

Appeal from two judgments of the District Court of Suffolk County, Sixth District (Linda J. Kevins, J.), both rendered April 9, 2015. The judgments convicted defendant, upon his pleas of guilty, of violating Brookhaven Town Code §§ 82-3 (C) and 82-10 (A), respectively.




ORDERED that the judgments of conviction are affirmed.
On October 3, 2013, defendant was charged with seven violations of the Brookhaven Town Code. Five of the charges were ultimately dismissed. This appeal involves the two remaining charges, violations of Brookhaven Town Code §§ 82-3 (C) and 82-10 (A), to which defendant pleaded guilty. 
Brookhaven Town Code § 82-3 (C) provides, in pertinent part, that "[y]ards shall be kept clean and free of physical hazards and debris." The factual part of the superseding accusatory instrument/Violation Information charging that defendant violated this provision alleged that, at approximately 3:30 p.m. on August 9, 2013, a Town of Brookhaven building inspector ascertained that defendant owned the subject property, as determined by a search of the records maintained by the Suffolk County Clerk's Office. The inspector "observed shopping carts, old pool equipment, ladders, tarps, old doors and debris throughout the front and back yards. These items, piled near the dwelling, present a physical hazard for the occupants and any emergency personnel from entering or exiting the dwelling safely." The above information was based upon the personal knowledge of the building inspector, and upon "information and belief, the source being [the] New York State Department of Motor Vehicles."
Brookhaven Town Code § 82-10 (A) provides, in pertinent part, that "it shall be unlawful for any rental occupancy to exist in any dwelling without the owner's first having obtained a rental registration from the Chief Building Inspector." The factual part of the accusatory instrument/Violation Information charging that defendant violated this provision alleged, in pertinent part, that, at approximately 3:30 p.m. on August 9, 2013, a Town of Brookhaven building inspector ascertained that defendant owned the subject property, as determined by a search of the records maintained by the Suffolk County Clerk's Office. The building inspector "observed a single family dwelling in a residential district to be rented and occupied by [*2]approximately 6 persons. A man identifying himself as . . . the house manager . . . said he did not work for any agency but helped the owner." The building inspector learned defendant's address by conducting a "search of the records maintained by the New York State Department of Motor Vehicles." A search of "the records of the Town of Brookhaven Building Department . . . found that the Chief Building Inspector had not issued a rental registration for the subject property." The above information was based upon the personal knowledge of the building inspector, and upon "information and belief, the source being [the] New York State Department of Motor Vehicles."
Defendant moved to, among other things, dismiss the accusatory instruments. He argued that the factual allegations were improperly based on hearsay and were conclusory, as the pertinent records of the Suffolk County Clerk and of the New York State Department of Motor Vehicles which the building inspector allegedly searched and viewed, were not annexed to the accusatory instruments. Moreover, defendant asserted that both accusatory instruments failed to indicate who had searched those records. 
Defendant further argued that Brookhaven Town Code § 82-3 (C) did not define the terms "physical hazards and debris." Thus, the provision is unconstitutionally vague. The information was also allegedly facially insufficient because it did not set forth the number of items in the yards or their locations, particularly in relation to the location of the purported house, and how the items constituted a hazard.
Defendant also argued that Brookhaven Town Code § 82-10 (A) is unconstitutional because, to receive a rental registration, other than a temporary registration, the owner of a dwelling must agree to an inspection of the premises by the Chief Building Inspector, or his or her designee, or provide an inspection report prepared by a licensed professional engineer, a licensed architect, or a licensed home inspector (see Brookhaven Town Code § 82-10 [C] [3]).
The People opposed the motion on the ground that the personal knowledge of the building inspector is to be resolved at a trial, not on a motion to dismiss for facial insufficiency. The allegations that the inspector searched the records are sufficient, and the source of the inspector's knowledge can be raised as a defense at trial and need not be set forth in an information. The other accusatory instrument, charging a violation of section 82-3 (C), was facially sufficient as it set forth that the items in the yard included old doors, tarps, ladders, shopping carts, and old pool equipment.
By order dated October 2, 2014, the District Court (David A. Morris, J.) denied the motion on the ground "that the source or validity of a zoning inspector's knowledge is an evidentiary issue to be raised at trial and it need not [be] set forth in the information." In addition, a copy of the deed and records of the Department of Motor Vehicles need not be filed with the accusatory instrument to establish ownership of, and residence in, real property. The court determined that Brookhaven Town Code § 82-10 (A) was not unconstitutional because it does not require an inspection of the premises by the building inspector, but, as an alternative, permits an inspection by "a privately retained professional," which "affords the owner with adequate constitutional protection." The court denied the motion with respect to the violation of Brookhaven Town Code § 82-3 (C) without explanation.
Defendant's motion for leave to reargue was denied by the District Court (Linda J. Kevins, J.) by order dated January 13, 2015. On April 9, 2015, defendant pleaded guilty to [*3]violations of Brookhaven Town Code §§ 82-3 (C) and 82-10 (A). The District Court sentenced defendant to a $500 fine with respect to each conviction.
To be facially sufficient, an information must contain nonhearsay allegations of fact of an evidentiary character which establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360).
Here, the factual allegations of both accusatory instruments were not conclusory. The basis for the deponent's allegation of knowledge as to defendant's ownership of the property in question can be fairly implied from the deponent's duties as a building inspector (see People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Moreover, neither a deed nor records from the Department of Motor Vehicles needed to be annexed to the information. Furthermore, no specific allegation as to who had searched the records needed to be pleaded in the factual part of the information, as "the source of the validity of the [deponent's] knowledge is a matter to be raised at trial" (People v White, 31 Misc 3d 130[A], 2011 NY Slip Op 50579[U], *2; see People v Casey, 95 NY2d at 360; People v Fischer, 6 Misc 3d 135[A], 2005 NY Slip Op 50213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Caravousanos, 2 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). To the extent that defendant claims that the factual allegations of the accusatory instruments are based on hearsay, that claim has been forfeited by virtue of his guilty pleas (see People v Konieczny, 2 NY3d at 575; People v Keizer, 100 NY2d 114, 121 [2003]). 
Giving the information charging a violation of Brookhaven Town Code § 82-3 (C) a fair and not overly restrictive or technical reading, we find that the factual part thereof was facially sufficient, as it specified the items that were in the front and back yards. The factual part of the accusatory instrument was not required to specify how many items were in the yards, exactly how they constituted physical hazards, and where they were located in relation to the home. Moreover, Brookhaven Town Code § 82-3 (C), which provides that "[y]ards shall be kept clean and free of physical hazards and debris," is not unconstitutionally vague, as its terms are sufficiently definite to give a person of ordinary intelligence fair notice of the conduct forbidden, and it provides adequate warning of the nature of the offense prohibited (see People v Stuart, 100 NY2d 412, 420 [2003]; People v Fitzsimmons, 51 Misc 3d 135[A], 2016 NY Slip Op 50549[U], * 2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
With respect to the information charging defendant with violating Brookhaven Town Code § 82-10 (A), we note that where a local ordinance requires an inspection of premises in order to obtain a rental permit or, as in this case, a rental registration, a defendant is aggrieved only when the defendant actually applies for such a permit or registration, or where the defendant brings an action for a judgment declaring that the ordinance is unconstitutional (see Sokolov v [*4]Village of Freeport, 52 NY2d 341, 346 [1981]; ATM One, LLC v Incorporated Vil. of Hempstead, 91 AD3d 585, 587 [2012]). Here, defendant was charged with a violation of such an ordinance, but he did not apply for a rental registration, was not required to submit to a search, and did not bring an action for a judgment declaring Brookhaven Town Code § 82-10 (A) unconstitutional (see Matter of Cappon v Carballada, 109 AD3d 1115, 1117 [2013]; Matter of Burns v Carballada, 101 AD3d 1610, 1612 [2012]; People v LaRoche, 44 Misc 3d 20, 22 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Consequently, defendant was not aggrieved by any alleged constitutional infirmity in the subject provision.
We reach no other issue.
Accordingly, the judgments of conviction are affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 13, 2017