People v Overton (2024 NY Slip Op 03767)

People v Overton

2024 NY Slip Op 03767

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2019-04722
 (Ind. No. 582/18)

[*1]The People of the State of New York, respondent,
v
Paul Overton, appellant.

Anthony M. Giordano, Ossining, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered March 13, 2019, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's contention that the evidence failed to establish the serious physical injury element of assault on a peace officer (Penal Law § 120.08) is rendered academic by his acquittal of that charge (see People v Shearin, 177 AD3d 504, 504; People v Hairston, 167 AD3d 935, 936).
Contrary to the defendant's contention, the County Court did not deprive him of a fair trial by charging the jury on Penal Law § 35.10(2) and Correction Law § 137(5), which were already in evidence. Whether a jury charge is appropriate in an individual case is generally "'a matter for the Trial Judge's discretion'" (People v Daniels, 225 AD2d 632, 632, quoting People v Knight, 87 NY2d 873, 874). Given that the defendant requested a justification defense charge, which deems physical force justified where it is in response to the "use or imminent use of unlawful physical force by [another] person" (Penal Law § 35.15[1]), Penal Law § 35.10(2) and Correction Law § 137(5) provided the jury with important insight as to whether the correction officer's actions would be considered "unlawful" (see Penal Law § 35.10[2]; Correction Law § 137[5]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MALTESE, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court