■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 12, 1983, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR WALKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered June 28, 1984, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sole issue raised on appeal is whether the trial court erred in failing to give a curative instruction to the jury regarding the viewing by some of the jurors of the defendant in handcuffs outside the courtroom prior to the commencement of trial. Following the court's preliminary instruction to the jury and the opening statements of the prosecutor and the defense counsel, the defendant moved for a mistrial on the basis that certain prospective jurors had ,seen him outside the courtroom in handcuffs. The court denied the motion and stated, "if you could suggest a [curative] charge, I will give it". Thereafter the defendant failed to submit a proposed instruction and the matter was not raised again during the remainder of the trial.

The defendant declined the opportunity to submit a proposed curative instruction that the court could have delivered to the jury *(see, People v Harper,* 47 NY2d 857, 858; *People v Mattison,* 97 AD2d 621), and thus failed to preserve this issue for appellate review. In any case, the brief and inadvertent

viewing of the defendant by the jurors was by itself, insufficient to deny the defendant a fair trial *(see, People v Harper, supra; cf. People v Roman,* 35 NY2d 978, 979). Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.