■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWSON SHARPE, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered October 30, 1986, convicting him of burglary in the first degree, robbery in the first degree, kidnapping in the second degree, and unlawful imprisonment in the first degree (six counts), under indictment No. 1200/85, upon a jury verdict, and imposing sentence, and two judgments of the same court (Golia, J.), both rendered July 24, 1987, convicting him of rape in the first degree and attempted sodomy in the first degree, under indictment No. 1773/85, and severed counts of robbery in the first degree (two counts), rape in the first degree, and sodomy in the first degree under indictment No. 1200/85, upon jury verdicts, and imposing sentences.

Ordered that the judgment rendered October 30, 1986, is reversed, on the law, that count of indictment No. 1200/85 charging the defendant with kidnapping in the second degree is dismissed, and a new trial is ordered on the remaining counts of burglary in the first degree, robbery in the first degree, and unlawful imprisonment in the first degree (six counts); and it is further,

Ordered that the judgments rendered July 24, 1987, are affirmed.

The defendant and his two codefendants, Asher Cain and David Jones, robbed a restaurant owner at gunpoint outside of his restaurant in Brooklyn. The robbers then ordered the owner to direct them to his house in Queens. At the owner's home, the three robbers forcibly detained his six family members while ransacking the house in the pursuit of money and valuables. After the two codefendants left the house, the defendant raped and sodomized one of the owner's stepdaughters and then raped and attempted to sodomize a second stepdaughter. The defendant and his two codefendants were later arrested.

By Queens County indictment No. 1200/85, the defendant was charged, *inter alia,* with burglary in the first degree, robbery in the first degree (with regard to the owner), two additional counts of robbery in the first degree (one count with regard to each stepdaughter), rape in the first degree and

sodomy in the first degree (both with regard to one of the stepdaughters), kidnapping in the second degree, and six counts of unlawful imprisonment. Under indictment No. 1773/85, he was charged, *inter alia,* with rape in the first degree and attempted sodomy in the first degree, both with regard to the other stepdaughter. The codefendants Cain and Jones were charged with various offenses under indictment No. 2796/85. After severing the robbery, rape and sodomy counts regarding the stepdaughters under indictment No. 1200/85, the Supreme Court ordered a joint trial of the remaining counts of indictment No. 1200/85, pertaining to the defendant, with indictment No. 2796/85, pertaining to the codefendants. The defendant and his two codefendants were then jointly tried for burglary, robbery (with regard to the owner only), kidnapping and unlawful imprisonment.

The defendant was subsequently individually tried on the previously severed robbery, rape and sodomy counts under indictment No. 1200/85, which were joined for trial with those under indictment No. 1773/85. The present appeals are from the judgments of conviction which resulted from these two trials.

We find unpersuasive the defendant's contention that the court violated established principles of double jeopardy by ordering two trials of the defendant for varying offenses which arose out of the same criminal transaction. Under the Federal and New York State Constitutions, it is clear that the dual trials employed herein did not violate the prohibitions against double jeopardy since the defendant was not tried twice for the same offense. The same conclusion is reached under New York's double jeopardy statute *(see,* CPL 40.10 *et seq.).* That statutory scheme provides that offenses arising out of the same criminal transaction *(see,* CPL 40.10 [2]) which are deemed "joinable" (CPL 200.20 [2]) may not be separately prosecuted *(see,* CPL 40.40) unless they qualify under one or more of the exceptions enunciated in CPL 40.20 *(see, Matter of Aldridge v Kelly,* 157 AD2d 716). In the instant case, the exceptions found in CPL 40.20 (2) (e) and (a) permitted the prosecution of the defendant in two separate trials. CPL 40.20 (2) (e) provides that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless "[e]ach offense involves death, injury, loss or other consequence to a different victim" (CPL 40.20 [2] [e]). In the first and second trials of the defendant, the robbery counts concerned different victims. Accordingly, separate trials on the robbery charges were permissible. Moreover, CPL 40.20 (2)

(a) allows the separate prosecution of "joinable" offenses if "[t]he offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (CPL 40.20 [2] [a]). Inasmuch as it is clear that the elements necessary to prove rape, sodomy and attempted sodomy are different from those establishing robbery, burglary and unlawful imprisonment, holding separate trials for these two distinct groups of offenses was proper and did not constitute a double jeopardy violation.

However, the defendant is correct in contending that his right to be present at all material stages of the first trial was violated by the court's colloquy with a juror, during which supplemental instructions were given, in the absence of the defendant. The Court of Appeals, addressing this same issue in the codefendant Cain's case, held that this procedure constituted reversible error (see, People v Cain, 76 NY2d 119). As such, the judgment of conviction rendered October 30, 1986, must be reversed. Additionally, in People v Cain (supra), the Court of Appeals held that the merger doctrine precluded the codefendant Cain's convictions for both the kidnapping and robbery of the owner, inasmuch as the asportation and restraint was incidental to and inseparable from the over-all scheme of robbery. Since the instant defendant was likewise convicted of the same offenses with regard to the owner, the count of kidnapping in the second degree is dismissed and a new trial must be held on the remaining counts of the indictment.

The defendant further contends that the merger doctrine also requires reversal of his conviction regarding the unlawful imprisonment counts. We disagree. The evidence demonstrates that the defendant committed the acts constituting unlawful imprisonment before he formed the intent to commit the sexual offenses of which he was convicted. Hence, the merger doctrine does not apply to the rape and sodomy counts, as the unlawful imprisonment of his two victims was not "wholly incidental to and inseparable from the substantive crime of rape" (People v Santiago, 99 AD2d 819; see, People v Hatch, 105 AD2d 549). Similarly, the unlawful imprisonment does not merge with the robbery and burglary charges since the defendant continued to unlawfully detain his victims for a substantial period after the completion of the acts constituting the substantive crimes of robbery and burglary (see, People v Brown, 112 AD2d 1087).

Similarly unavailing is the defendant's claim that the court

erred in denying, without a hearing, his postverdict CPL 330.30 motion to set aside the verdict in the first trial on the ground of newly discovered evidence. Since the defendant failed to demonstrate that the alleged newly discovered evidence could not have been produced at trial with due diligence (see, CPL 330.30 [3]; People v Fielder, 154 AD2d 388), the sworn allegations did not contain all of the facts essential to support the motion, and the court properly denied it without a hearing (see, CPL 330.40 [2] [e] [ii]).

The defendant's contention that the trial court erred at the second trial in failing to make further inquiry into whether certain jurors saw him wearing handcuffs outside the courtroom is without merit. A juror's brief and inadvertent viewing of an accused in handcuffs does not by itself constitute reversible error (see, People v Harper, 47 NY2d 857; People v Walker, 139 AD2d 546). Moreover, the record demonstrates that the trial court adequately questioned each juror regarding the matter and none of the three jurors who saw the defendant in the hallway had noticed the handcuffs. Additionally, the court asked the three jurors who had seen the defendant whether their observations would affect their ability to be fair and impartial jurors, and each responded in the negative. The court's inquiry was sufficient and any potential prejudice which may have resulted from the incident was minimal (see, People v Brown, 157 AD2d 790). Nor was it error for the court to question the jurors in the defendant's absence, as the defendant's counsel was present during the questioning and, under the circumstances of this case, "[n]othing more [was] required" (People v Mullen, 44 NY2d 1, 6; see, People v Darby, 75 NY2d 449).

The defendant's assertion that he was denied the effective assistance of counsel is likewise unconvincing. While it may have been preferable for counsel to produce the defendant's landlord at the pretrial suppression hearing to testify regarding the propriety of the police search of the defendant's apartment, the failure to do so did not render counsel's representation ineffective or incompetent. Viewing the defense counsel's efforts as a whole, including his vigorous cross-examination, the making of proper motions and objections, and the skillful presentation of the defense case, we find counsel's performance to have constituted "meaningful representation" (People v Baldi, 54 NY2d 137, 147; see, People v Gatto, 146 AD2d 643, 644).

Equally unavailing is the defendant's contention that he was denied the right to counsel of his choice. The record

reveals that on the eve of his second trial, the defendant informed the court that he was dissatisfied with his retained counsel and wanted a new attorney. The court granted a one-day adjournment for the defendant to obtain new counsel, but a new attorney was not timely obtained and jury selection commenced. On the second day of jury selection, new counsel appeared, but the court refused a further adjournment to permit counsel to acquaint himself with the case. It is well settled that "absent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (People v Arroyave, 49 NY2d 264, 271). Inasmuch as the defendant had over two years to obtain the counsel of his choice, the trial court did not improvidently exercise its discretion in denying the adjournment.

We have considered the defendant's remaining claims, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review, without merit, or involve harmless error. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.