■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER LEE ANDERSON, Appellant.—Appeal by the defendant

from a judgment of the County Court, Dutchess County (King, J.), rendered August 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We do not agree with the defendant's contention that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt. That evidence included the defendant's confession, the testimony of eyewitnesses who described in detail the clothing of the perpetrator which matched that of the defendant, and testimony of other eyewitnesses who saw the defendant at the scene of the crime directly before and after its occurrence. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, CPL 60.50; People v Lipsky, 57 NY2d 560, 571). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We also conclude that the possibility that two jurors briefly and inadvertently observed the defendant in handcuffs as he was ushered into the courthouse provides no basis for reversal of the judgment (see, People v Harper, 47 NY2d 857, 858; People v Walker, 139 AD2d 546; see also, People v Soltis, 137 AD2d 732).

The defendant's remaining contentions, including his contention that evidence adduced at trial demonstrates that a motion to suppress tangible evidence should have been granted (cf., People v Wilkins, 65 NY2d 172, 180; People v Smith, 158 AD2d 488; see, People v Smith, 134 AD2d 382), and find them to be either without merit or unpreserved for our review. In view of the overwhelming evidence of guilt, we decline to reach the unpreserved issues in the exercise of our interest of justice jurisdiction (see, People v Oliver, 63 NY2d 973; People v Dordal, 55 NY2d 954). Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.