■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS BROWN, Appellant. [599 NYS2d 106] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered December 17, 1990, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

During the presentation to the Grand Jury, in response to a Grand Juror's inquiry as to why the defendant had been unable to attend work on a given day, the witness, the defendant's wife, responded that the defendant had been under arrest on an unrelated matter. The Grand Jury minutes indicate that despite the Assistant District Attorney's failure to deliver any curative instructions, this error alone did not

arise to the level of egregiousness necessary to support a finding that the integrity of the Grand Jury process was impaired *(see, People v Darby,* 75 NY2d 449, 454-455; *People v Skye,* 167 AD2d 892; *cf., People v Salisbury,* 182 AD2d 1105).

In its *Sandoval* ruling the Supreme Court did not improvidently exercise its discretion in ruling that the People would be permitted to inquire into the underlying facts of the defendant's prior conviction of petit larceny, but not into the fact of the conviction itself. Convictions involving theft of property are highly relevant on the issue of credibility *(see, People v Natal,* 144 AD2d 587, *cert denied* 498 US 862), and the probative value of this evidence outweighed the danger of prejudice to the defendant *(see, People v Bennette,* 56 NY2d 142).

The factual conclusion of the Supreme Court at the *Wade* hearing that the defendant's testimony was incredible is supported by the record, and should therefore not be disturbed on appeal *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Perkins,* 177 AD2d 720).

During cross-examination by the defense attorney, the complaining witness testified that when he gave the investigating officer a description of his attacker, the officer "took the album to look". The trial court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial predicated upon this brief mention of an "album" *(see,* CPL 280.10; *Matter of Plummer v Rothwax,* 63 NY2d 243, 250; *People v Beckum,* 156 AD2d 571). We note that trial counsel was offered a prompt curative instruction by the trial court, but declined the offer *(see, People v Blackshear,* 112 AD2d 1044).

The defendant's assertion that his sentence was excessive is without merit.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.