■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CURRY, Appellant. [605 NYS2d 410] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Katz, J), rendered March 26, 1992, convicting him of criminal sale of a controlled substance in the third degree, assault in the second degree, resisting arrest, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was guilty of assault in the second degree. The police officer with whom the defendant fought suffered physical injury within the meaning of Penal Law § 10.00 (9) and Penal Law § 120.05 (3). The People established that the officer experienced substantial pain and suffered impairment of physical condition. The officer testified that he went to the hospital to have his injuries treated and that he had to miss two days of work as a result of his struggle with the defendant. In addition, the officer testified that he still had problems with his hand at the time of the trial which was 10 months after the defendant resisted arrest. Thus the record supports the jury's implicit finding that the police officer suffered the requisite physical injury (see, People v Crews, 159 AD2d 630).

The defendant's claim that his sentence is excessive is without merit (see, People v Suitte, 90 AD2d 80, 85). We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.