◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMED SHEPPARD, Appellant. [609 NYS2d 318] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 5, 1991, convicting him of assault in the second degree, criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not prove beyond a reasonable doubt that he caused physical injury to the police officer who was attempting to arrest him is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, we find the defen-

dant's contention to be without merit. Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish assault in the second degree beyond a reasonable doubt. The People proved that the officer injured his hand in the course of his struggle with the defendant. The hand was swollen, black and blue, and stiff, the officer sought medical treatment, the injury was very painful, and the officer was not able to return to work until four days after the incident. The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).* Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief and find them to be without merit. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.