■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY PADILLA, Appellant. [614 NYS2d 498] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered May 26, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree, one count of attempted robbery in the first degree, two counts of robbery in the second degree, and one count of attempted robbery in the second degree, and sentencing him, respectively, to two terms of 3 to 9 years, and one term of 2 to 6 years, to be served consecutively to each other and concurrently with three additional concurrent terms of 2 to 6 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Defendant was not entitled to be surrounded by lineup participants of nearly identical appearance *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833), and the record does not support an inference that the clothing worn by defendant at the lineup was sufficiently distinctive to render the lineup unfair.

Only two of defendant's present numerous challenges to the court's charge were preserved in any manner, and we find them without merit. First, the court adequately corrected its erroneous statement that it was equally "easy" to find defendant guilty or not guilty (*see, People v Douglas,* 194 AD2d 408, 409, *lv denied* 82 NY2d 717). Second, under the circumstances of the case, the charge adequately, if indirectly, conveyed the requested concept that prior inconsistent statements, if any, may be relevant to the reliability of identification testimony. In any event, even if the court's instructions on these subjects could be viewed as erroneous, we would view such errors as harmless in view of the overwhelming evidence of guilt (*People v Crimmins,* 36 NY2d 230), including the distinctive appearance of the getaway car which linked defendant to the three incidents.

Defendant's remaining challenges to the court's charge are unpreserved and we decline to review them in the interest of justice. Finally, we perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.