■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA JAMES, Appellant. [825 NYS2d 776]—Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered June 10, 2005, convicting her of grand larceny in the third degree, grand larceny in the fourth degree, and criminal possession of a forged instrument in the second degree (*two counts*), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly refused to suppress her oral and written statements (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Stevens*, 223 AD2d 609, 609 [1996]).

The defendant's contention that the trial court's charge was confusing and ambiguous is unpreserved for appellate review as the defense counsel waived any objection by acquiescing to the charge as given (*see People v Tarangelo*, 269 AD2d 163 [2000]; *People v Velasquez*, 141 AD2d 882, 883 [1988]). In any event, the contention is without merit (*see People v Thomas*, 51 NY2d 466, 473-474 [1980]).

The defendant's contention that her convictions were not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal based upon the People's failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Dieppa*, 285 AD2d 558 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Barreau*, 183 AD2d 904, 905 [1992]; *People v Frumerin*, 121 AD2d 736, 737 [1986]).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our

factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Silvestro,* 284 AD2d 418 [2001]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.