THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY COSTON, Appellant. [842 NYS2d 37]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered March 7, 2005, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Four jurors briefly and inadvertently observed the defendant in handcuffs outside the courtroom on the morning of the third day of jury deliberations. The day before, the jury had twice declared itself deadlocked. The trial court questioned each juror regarding the matter and all four of the jurors who had seen the defendant assured the court that their observations would not affect their ability to remain fair and impartial. The court thereafter immediately instructed the entire jury that its deliberations were to be based solely on the evidence adduced at trial and that it was not to speculate on matters outside of the evidence or as to anything the jurors may have seen or heard outside the courtroom. As a result, any potential prejudice that may have resulted from the incident was minimal (*see People v*

*Sharpe,* 166 AD2d 620, 623 [1990]; *People v Volpe,* 116 AD2d 609, 610 [1986]), and reversal is not warranted (*see People v Harper,* 47 NY2d 857, 858 [1979]; *People v Anderson,* 175 AD2d 806, 807 [1991]). Crane, J.P., Ritter, Dillon and Carni, JJ., concur.