THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL JONES, Appellant. [849 NYS2d 859]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered September 13, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). He contends that County Court erred in refusing to suppress evidence seized from his vehicle because the police engaged in subtle psychological coercion in obtaining his consent to search the vehicle, rendering his consent involuntary. That contention is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that the police officer lacked the requisite "founded suspicion that criminal activity [was] afoot" to justify his request to search the vehicle (*People v Tejeda*, 217 AD2d 932, 933 [1995], *lv denied* 87 NY2d 908 [1995]; *see generally People v Hollman*, 79 NY2d 181, 185-186 [1992]). Also contrary to the contention of defendant, the court properly denied his *Batson* challenge inasmuch as he failed to meet his burden of establishing a prima facie case of discrimination (*see generally People v Bolling*, 79 NY2d 317, 320 [1992]). Finally, the sentence is not unduly harsh or severe.

All concur except Pine, J., who dissents and votes to hold the case, reserve decision and remit the matter to Erie County Court for a hearing in accordance with the following memorandum.

Pine, J. (dissenting). I respectfully dissent. In my view, defendant met his burden of establishing a prima facie case of discrimination in the jury selection process pursuant to the criteria set forth in *Batson v Kentucky* (476 US 79 [1986]) and its progeny. Defendant submitted sufficient prima facie evidence "to permit [County Court] to draw an inference that discrimina-

tion ha[d] occurred" with respect to the prosecutor's peremptory challenge to a black woman who had graduated from high school and had lived in the same home in the community for 37 years, and who was employed by the United States Postal Service (*Johnson v California*, 545 US 162, 170 [2005]). The court erred in rejecting defendant's *Batson* challenge on the ground that no pattern of discrimination had been shown because only one peremptory challenge had been used against a black juror, and in failing to require the prosecutor to explain his reason for exercising a peremptory challenge with respect to that prospective juror.

*Batson* began the evolution of the law involving challenges to the discriminatory use of peremptory challenges in 1986. There, the Supreme Court established a three-step framework for determining whether discrimination occurred in the exercise of peremptory challenges during jury selection. First, the defendant must "show that he [or she] is a member of a cognizable racial group . . . and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race" (*Batson,* 476 US at 96). That part of *Batson* has been modified so that it is no longer necessary that the challenged prospective juror be in the same cognizable group, racial or otherwise, as the defendant (*see Powers v Ohio*, 499 US 400, 415 [1991]; *People v Blunt*, 162 AD2d 86 [1990]), although here both were in the same cognizable racial group. Second, under *Batson,* "the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate' " (*Batson*, 476 US at 96). "Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the venire[persons] from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination" (*id.*). The defendant's initial burden, therefore, is to make a prima facie showing that discrimination may be inferred.

The burden then shifts to the prosecutor to "articulate a neutral explanation[,] related to the particular case to be tried," for challenging potential jurors based on race (*id.* at 98). After both sides have been heard, "[t]he trial court then will have the duty to determine if the defendant has established purposeful discrimination" (*id.*).

As noted, in this case the court erred in ruling against defen-

dant based on the absence of a pattern of discrimination. The Court of Appeals has expressly stated that *Batson* applies to the exercise of a peremptory challenge with respect to a single juror (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Brown*, 97 NY2d 500, 507 [2002]).

The court also erred in deciding the *Batson* issue against defendant without having first required the prosecutor to give his reason for the challenge. The Supreme Court in *Johnson*, decided in June 2005, addressed the defendant's initial burden under step one in *Batson* and held that the objector is not required to show that it is more likely than not that the other party's peremptory challenges, if unexplained, were based on impermissible group bias (*see* 545 US at 168). The Supreme Court further stated in *Johnson* that, "in describing the burden-shifting framework, we assumed in *Batson* that the trial judge would have the benefit of all relevant circumstances, including the prosecutor's explanation, before deciding whether it was more likely than not that the challenge was improperly motivated. We did not intend the first step to be so onerous that a defendant would have to persuade the judge—on the basis of all the facts, some of which are impossible for the defendant to know with certainty—that the challenge was more likely than not the product of purposeful discrimination. Instead, a defendant satisfies the requirements of *Batson's* first step by producing evidence sufficient'' to allow the court to infer that discrimination has occurred (*id.* at 170).

In my view, defendant was deprived of his constitutional right to a jury selected in accordance with the decisions of the Supreme Court in *Batson* and *Johnson* and the Court of Appeals in *Smocum*. Thus, I would hold the case, reserve decision and remit the matter to County Court for a hearing to afford the prosecutor the opportunity to give his reason or reasons for the exercise of the peremptory challenge (*see People v Jenkins*, 75 NY2d 550, 559-560 [1990]). Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.