■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PEREZ, Appellant. [857 NYS2d 620]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered June 30, 2006, convicting him of attempted criminal possession of a controlled substance in the third degree and attempted promoting prison contraband in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the triers of fact, who saw and heard the witnesses, and their determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was denied a fair trial because the County Court did not give an interested witness charge is unpreserved for appellate review. In any event, the defendant's contention is without merit. The charge, as a whole, was sufficient under the circumstances of this case (*see People v Hernandez*, 11 AD3d 479, 480 [2004]).

Moreover, contrary to the defendant's contention, he was not denied the effective assistance of counsel. Taking into consideration the totality of the evidence, the law, and the other circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for proceeding to trial because he did not set forth the issue on the record at the time of sentencing (*see People v Brown*, 38 AD3d 676, 677 [2007]). In any event, the defendant's contention is without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point V of his brief, relating to the denial of that branch of his omnibus motion which was to suppress his statements to law enforcement officials, is without merit.

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.