■ The People of the State of New York, Respondent, v Jermaine Cox, Appellant. [863 NYS2d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 16, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The factual conclusions of the Supreme Court at a *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) that the defense witness's testimony was incredible and that one of the eyewitnesses was not shown a photograph of the defendant prior to the lineup are supported by the record, and therefore should not be disturbed on appeal (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Brown,* 194 AD2d 682 [1993]). Moreover, while lineup participants should have the same general physical characteristics as those of the suspect, a defendant need not be surrounded by individuals nearly identical to him or her in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Since the lineup participants were seated, resembled the defendant in attire, hair color, and skin tone, and wore clothing that did not accentuate differences in weight, minor variations in height and weight did not render the lineup impermissibly suggestive or conducive to mistaken identification (*see People v Davis,* 27 AD3d 761 [2006]; *People v Peterkin,* 27 AD3d 666, 667 [2006]; *People v Gelzer,* 224 AD2d 443 [1996]).

The defendant's contention that the trial court erred in failing to provide an expanded identification charge is "unpreserved for appellate review as the defense counsel waived any objection by acquiescing to the charge as given" (*People v James,* 35 AD3d 762 [2006]; *see* CPL 470.05 [2]). In any event, the charge as given "sufficiently apprised the jury that the reasonable doubt standard applied to identification" (*People v Knight,* 87 NY2d 873, 874-875 [1995]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]). In any event, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Any discrepancies in the witnesses' trial testimony were not of such magnitude as to render their testimony incredible or unreliable as a matter of law (*see People v Almonte,* 23 AD3d 392, 393 [2005]).

The defendant's contention that the People's summation remarks constituted reversible error is without merit. All of the summation comments alleged to be inflammatory and prejudicial either were fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]), or constituted harmless error (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Carter,* 36 AD3d 624 [2007]; *People v Hill,* 286 AD2d 777, 778 [2001]).

Finally, the defendant's allegations of ineffective assistance of counsel are without merit (*see People v Baldi,* 54 NY2d 137, 151-152 [1981]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, does not require reversal. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.