■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDFORD ROBINSON, Appellant. [903 NYS2d 919]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered March 25, 2009, convicting him of assault in the second degree, resisting arrest, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the evidence supporting his convictions of assault in the second degree and speeding are limited to the issue of whether the evidence was legally sufficient to sustain those convictions.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), a rational juror could conclude that the detective suffered "substantial pain" as a result of the injury inflicted upon him by the defendant (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445 [2007]; *People v Curry*, 199 AD2d 528 [1993]). Thus, the evidence was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt.

The defendant's contention that the evidence was legally insufficient to establish that he was guilty of speeding is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.

The trial court provided a "meaningful response" to the jury's request for a read back of certain testimony and providently exercised its discretion in instructing the jury (CPL 310.30; *see People v Santi*, 3 NY3d 234, 248-249 [2004]; *People v Briggs*, 61 AD3d 770, 771 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Covello, Angiolillo and Sgroi, JJ., concur.