THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBY DORCE, Appellant. [937 NYS2d 885]

The defendant's contention that his convictions of assault in the second degree and criminal possession of a weapon in the third degree are based on legally insufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt (*see People v Chiddick*, 8

NY3d 445, 447-448 [2007]; *People v Williams*, 69 AD3d 662, 662-663 [2010]; *People v Rivera*, 42 AD3d 587, 588-589 [2007]; *People v Rollins*, 273 AD2d 159, 160 [2000]; *People v Sheppard*, 202 AD2d 701, 702 [1994]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of assault in the second degree and criminal possession of a weapon in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Parris*, 70 AD3d 725, 727 [2010]; *People v Williamson*, 21 AD3d 575, 575-576 [2005]). Any inconsistencies or discrepancies in the police officer's testimony did not render his testimony incredible (*see People v Middleton*, 36 AD3d 941, 942 [2007]). Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.