THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BOUCHER, Appellant. [947 NYS2d 340]

598

The defendant's contention that a detective's entry into his apartment was unlawful is unpreserved for appellate review to the extent that the defendant now argues that his consent to the entry was not voluntary (*see* CPL 470.05 [2]; *People v Jones*, 48 AD3d 1116, 1116 [2008], *affd* 11 NY3d 822 [2008]; *People v Philips*, 30 AD3d 618, 619 [2006]). In any event, any error in failing to suppress the physical evidence seized from the defendant's apartment was harmless beyond a reasonable doubt. The evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant contends that the evidence of "physical injury," an element of the crime of assault in the second degree (Penal Law § 120.05 [6]), was legally insufficient. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Rambali*, 27 AD3d 582, 583 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the complainant sustained a physical injury (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Valencia*, 50 AD3d 1163, 1164 [2008]; *People v Ricco*, 11 AD3d 343, 344 [2004]; *People v Pike*, 173 AD2d 649, 650 [1991]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Velasquez*, 79 AD3d 1153, 1154 [2010]; *People v Valencia*, 50 AD3d at 1164).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Eng, Lott and Cohen, JJ., concur.