■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKIM PATRICK, Appellant. [958 NYS2d 210]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 10, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in failing to give an expanded identification charge is unpreserved for appellate review, as the defendant did not object to the identification charge as given by the court to the jury (*see* CPL 470.05 [2]; *People v Carter*, 44 AD3d 677 [2007]; *see also People v Gega*, 74 AD3d 1229, 1231 [2010]; *People v James*, 35 AD3d 762 [2006]). In any event, the charge as given "sufficiently apprised the jury that the reasonable doubt standard applied to identification" (*People v Knight*, 87 NY2d 873, 874 [1995]). Furthermore, contrary to the defendant's contention, the court's charge to the jury regarding the prior statements of witnesses adequately conveyed the legal principles applicable to this case (*see People v Padilla*, 206 AD2d 271 [1994]; *People v Calderon*, 182 AD2d 770 [1992]; *see also People v Ortiz*, 250 AD2d 372 [1998]).

The defendant's argument regarding alleged prosecutorial misconduct during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885 [1991]; *People v Nuccie*, 57 NY2d 818 [1982]). In any event, the comments alleged to be inflammatory and prejudicial were all either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), or responsive to arguments presented in the defense counsel's summation (*see People v Galloway*, 54 NY2d 396 [1981]).

The defendant contends that he was deprived of the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must overcome the strong presumption that defense counsel rendered effective assistance (*see People v Baldi*, 54 NY2d 137 [1981]; *People v Myers*, 220 AD2d 461 [1995]). Here, upon a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (*see People v Myers*, 220 AD2d 461 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.