—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered February 14, 2011, convicting him of assault in the second degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that his conviction of assault in the second degree should be reversed since the evidence of “[plhysical injury” (Penal Law § 10.00 [9]) was legally insufficient. That contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant sustained a physical injury (see Penal Law § 10.00 [9]; People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Boucher, 97 AD3d 597 [2012]; People v Dorce, 92 AD3d 692 [2012]; People v Robinson, 75 AD3d 567 [2010]; People v Williams, 69 AD3d 662, 662-663 [2010]; People v Sheppard, 202 AD2d 701, 702 [1994]; People v Daniels, 199 AD2d 332 [1993]; People v Maturevitz, 149 AD2d 908, 909 [1989]; People v Williams, 112 AD2d 176, 176-177 [1985]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Boucher, 97 AD3d at 597; People v Daniels, 199 AD2d 332 [1993]; People v Dorce, 92 AD3d 692 [2012]; People v Robinson, 75 AD3d 567 [2010]). Mastro, J.E, Leventhal, Sgroi and Miller, JJ., concur.