Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered August 16, 2011, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (four counts), and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed.
“Probable cause to believe that the Vehicle and Traffic Law has been violated provides an objectively reasonable basis for the police to stop a vehicle and . . . there is no exception for infractions that are subjectively characterized as ‘de minimis’ ” (People v Pealer, 20 NY3d 447, 457 n 2 [2013]). Here, the record supports the hearing court’s determination to credit a police officer’s testimony that he observed a vehicle in which the defendant was a passenger, inter alia, make a turn without signaling, which justified the stop of the vehicle for a traffic infraction *757 (see Vehicle and Traffic Law § 1163 [a]; People v Davis, 103 AD3d 810, 811 [2013]; People v Glover, 84 AD3d 977, 978 [2011]). Contrary to the defendant’s contention, the officer’s testimony was not incredible and did not appear to have been patently tailored to nullify constitutional objections (see People v Lewis, 107 AD3d 826, 826-827 [2013]). We reach the same conclusion with respect to the officer’s testimony regarding an unmarked pill bottle that he observed in plain view during the stop (see id.).
The defendant also takes issue with the hearing court’s finding that the driver consented to a search of the trunk. Contrary to the defendant’s contention, there was nothing incredible about the officer’s testimony on this point. Moreover, to the extent that the defendant’s consent argument is based on a theory that the driver’s consent was involuntary, this contention is unpreserved for appellate review (see People v Boucher, 97 AD3d 597, 598 [2012]) and, in any event, is without merit (see People v Edwards, 46 AD3d 698, 699 [2007]; People v Dobson, 285 AD2d 737, 738 [2001]; People v Artis, 201 AD2d 488, 489 [1994]).
Accordingly, because the stop of the vehicle was lawful, and because the physical evidence seized either was in plain view or was obtained after the driver consented to a search, the Supreme Court properly denied those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. The defendant’s remaining contentions concerning the suppression of testimony regarding police officers’ observations and of statements and testimony of a female witness are unpreserved for appellate review and, in any event, without merit. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.