Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered December 11, 2013, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), robbery in the third degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robbins, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
The specific arguments the defendant now makes to support his contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress the gun found at the time of his arrest are unpreserved for appellate review, since they were not raised before the suppression court (see CPL 470.05 [2]; People v Vann, 92 AD3d 702 [2012]; People v Myers, 1 AD3d 382, 383 [2003]). In any event, the defendant’s arguments are without merit (see People v Walker, 300 AD2d 417, 417 [2002]).
The defendant’s contention that the evidence was legally insufficient to support the crimes of which he was convicted is *898 unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of these crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to these convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The minor discrepancies between the description of the defendant given at trial by the People’s main witness and the description she gave police in a supporting deposition on the day of the subject robbery did not render her testimony incredible (see People v Green, 107 AD3d 915, 915 [2013]; People v Wilson, 50 AD3d 711, 711 [2008]; People v Colon, 42 AD3d 549, 550 [2007]).
The defendant contends that the Supreme Court erred in denying his request to instruct the jury about a postarrest statement that was written out by a detective, attributed to the defendant although the defendant did not sign the statement, and admitted into evidence as an admission. Contrary to the defendant’s contention, the court providently exercised its discretion in denying this request (see People v Sharlow, 185 AD2d 289, 290 [1992]). The defendant’s further contention that the court improvidently exercised its discretion in denying his request for an expanded identification charge is also without merit (see People v Patrick, 102 AD3d 892, 892 [2013]; People v Tavarez, 55 AD3d 932, 932 [2008]). The instruction given “sufficiently apprised the jury that the reasonable doubt standard applied to identification” (People v Knight, 87 NY2d 873, 874 [1995]; see People v Whalen, 59 NY2d 273, 279 [1983]; People v Patrick, 102 AD3d at 892; People v Cox, 54 AD3d 684, 685 [2008]), and the charge as a whole was otherwise adequate to apprise the jury of the correct legal principles to be applied to the case (see People v Davis, 250 AD2d 776 [1998]).
The defendant’s contention that the verdict was legally repugnant because the jury convicted him of robbery in the first degree under Penal Law § 160.15 (4) (two counts), but acquitted him of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b), is unpreserved for ap *899 pellate review because he failed to make this argument before the jury was discharged (see CPL 470.05 [2]; People v Satloff, 56 NY2d 745, 746 [1982]; People v Thompson, 119 AD3d 966, 967 [2014]). In any event, the contention is without merit (see People v Mabry, 288 AD2d 326 [2001]).
Similarly, the defendant’s contention that he was denied the effective assistance of counsel is without merit. The defendant failed to demonstrate that his attorney’s representation “fell below an objective standard of reasonableness” (Strickland v Washington, 466 US 668, 688 [1984]), or that his attorney failed to provide him with “meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to the People’s contention, the defendant’s contention that he was penalized at sentencing for exercising his right to a jury trial is preserved for appellate review (see CPL 470.05 [2]; cf. People v Williams, 127 AD3d 1114, 1118 [2015]; People v Perez, 50 AD3d 1161, 1162 [2008]). However, the defendant’s contention is without merit (see People v Smith, 131 AD3d 1270, 1275 [2015]). “[T]he fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial” (People v Ray, 100 AD3d 933, 934 [2012]; see People v Pena, 50 NY2d 400, 412 [1980]; People v Jimenez, 84 AD3d 1268, 1269 [2011]; People v Norris, 34 AD3d 501, 501 [2006]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.