People v Walker (2018 NY Slip Op 04762)





People v Walker


2018 NY Slip Op 04762


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06100
 (Ind. No. 1356/14)

[*1]The People of the State of New York, respondent,
v
Frederick Walker, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (David P. Sullivan, J.), rendered May 19, 2016, convicting him of assault in the second degree (four counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review only to the extent that he contends that the evidence failed to prove that he intentionally or recklessly assaulted the complainants by pushing them into hot barbecue coals (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of four counts of assault in the second degree (Penal Law §§ 120.05[2], [3], [4], [6]) and one count of criminal possession of a weapon in the third degree (Penal Law § 265.02[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's contention that the Supreme Court erred in denying his motion for [*2]a mistrial is without merit. The possibility that jurors may have briefly and inadvertently viewed the defendant in handcuffs does not, by itself, constitute reversible error (see People v Harper, 47 NY2d 857; People v Anderson, 175 AD2d 806, 807; People v Sharpe, 166 AD2d 620, 623; People v Walker, 139 AD2d 546). Moreover, the defendant's contention regarding the court's curative instruction as to this issue is unpreserved for appellate review (see CPL 470.05[2]; People v Patrick, 102 AD3d 892; People v James, 35 AD3d 762; People v Velasquez, 141 AD2d 882). In any event, the instruction was proper.
The defendant's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court