People v Chrisostome (2018 NY Slip Op 08321)





People v Chrisostome


2018 NY Slip Op 08321


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-00293
 (Ind. No. 4704/14)

[*1]The People of the State of New York, respondent,
v
Stephens Chrisostome, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Howard B. Goodman, and Michael L. Brenner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered December 18, 2015, convicting him of robbery in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in permitting the People to offer evidence of a telephone call the defendant made while in pretrial detention at Rikers Island Correctional Facility, as the probative value of the defendant's admission to his involvement in the incident outweighed its prejudicial effect (see People v Franks, 137 AD3d 936, 937; People v Moore, 118 AD3d 916, 918; People v Case, 113 AD3d 872, 872-873). The court's ruling did not violate the defendant's constitutional rights to be free from unreasonable searches, to due process, and to equal protection. Contrary to the defendant's argument, he impliedly consented to the monitoring and recording of his telephone conversations by using the telephones despite being notified in several different ways that such calls were being monitored (see People v Diaz, 149 AD3d 974, 975; People v Koonce, 111 AD3d 1277, 1279). The defendant's contention that any consent he gave was involuntary is unpreserved for appellate review (see People v Abraham, 111 AD3d 756, 757; People v Boucher, 97 AD3d 597, 598) and, in any event, without merit (see People v Cisse, 149 AD3d 435, 436, lv granted 29 NY3d 1124).
The Supreme Court properly denied the defendant's pretrial request to listen to recordings of other telephone calls he made from Rikers Island. Under the circumstances of this case, the other recordings were not subject to the disclosure requirements of CPL 240.20 or CPL 240.45.
The defendant's contention that the Supreme Court improvidently exercised its discretion in denying his request for an expanded identification charge is without merit (see People v Summerville, 138 AD3d 897, 898; People v Patrick, 102 AD3d 892; People v Tavarez, 55 AD3d [*2]932, 932). The instruction given sufficiently apprised the jury that the reasonable doubt standard applied to identification (see People v Knight, 87 NY2d 873, 874; People v Whalen, 59 NY2d 273, 279; People v Patrick, 102 AD3d at 892; People v Cox, 54 AD3d 684, 685), and the charge as a whole was otherwise adequate to apprise the jury of the correct legal principles to be applied to the case (see People v Davis, 250 AD2d 776).
The defendant failed to preserve for appellate review his contention that the Supreme Court considered improper factors in imposing sentence (see CPL 470.05[2]; People v Garson, 69 AD3d 650, 652; People v Campbell, 54 AD3d 959, 960; People v Brokenbough, 52 AD3d 525). In any event, the defendant's contention is without merit (see People v Olds, 24 AD3d 571, 572).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court