People v Culton
2026 NY Slip Op 03685
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Robert Culton, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2023-11881, (Ind. No. 71899/22)
Francesca E. Connolly, J.P.
Linda Christopher
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Thomas R. Villecco, New York, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Amie M. Johnson and Raffaelina Gianfrancesco of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert J. Prisco, J.), rendered November 17, 2023, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-350), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643-646).
The defendant's contention that the County Court erred by including the words "the firearm had not been used in a dangerous and unjustified manner" in its charge to the jury on temporary and lawful possession is unpreserved for appellate review, as the defendant did not object to the charge as given by the court to the jury (see People v Patrick, 102 AD3d 892, 892; People v Gega, 74 AD3d 1229, 1231). In any event, the defendant's contention that the court's charge improperly included the element of dangerousness is without merit. "A defendant is entitled to a jury charge on the defense of temporary and lawful possession when there is evidence presented at trial showing a legal excuse for . . . possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (People v Ruiz, 39 NY3d 981, 983-984 [internal quotation marks omitted]; see People v Williams, 36 NY3d 156, 161). Thus, the court properly included the element of dangerousness in its charge, which followed the pattern jury instructions as amended after the Court of Appeals decided People v Ruiz (see CJI2d[NY] Temporary and Lawful Possession n 1, [*2]https://www.nycourts.gov/judges/cji/1-General/CJI2d.Possession_Temporary.pdf [last accessed May 26, 2026]).
Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court